PETITION OF WILLIAM M. HOLDER *et al.*, for an Opinion.

PROVIDENCE—OCTOBER 28, 1898.

PRESENT: Matteson, C. J., Tillinghast and Rogers, JJ.

(1) *Construction of Will. Death of Legatee.*

An executor was directed by will to sell real estate, pay over two-fifths of the net proceeds to A., and distribute the remainder equally among B., C., and D. B. died after the testatrix, but before the division:—

*Held,* that B., C., and D. took equally in the distribution of their shares of the balance.

(2) *Equitable Conversion.*

*Held,* further, that the direction for sale operated as an equitable conversion of the real estate into personalty, and this is deemed to have been made from the time of the testatrix's decease.

*Held,* further, that B.'s share should be treated as personalty and paid to his administrator.

PETITION for an opinion as to the proper distribution of proceeds of a sale of real estate directed by will.

MATTESON, C. J. The testatrix directs her executor, as soon as practicable after her death, to sell the real estate known as the Steere Homestead, and after payment of the expenses of sale to distribute the remaining proceeds as follows : "Two-fifths thereof to my cousin Mrs. Mary A. Holder (wife

of William A. Holder), who resides at Providence in the state of Rhode Island; the balance to be divided equally among my cousin George Stone and his wife Mary Stone who resides at said Providence, and my friend Fannie Northup (wife of Samuel Northup) who resides at Plainville in the State of Mass."

(1)    Our opinion is that, under this bequest, the three-fifths of the proceeds of the real estate constituting the balance after payment to Mrs. Holder were taken in equal shares by the legatees named, to wit, George Stone, Mary Stone, his wife, and Fannie Northup.   The use of the word "among" clearly indicates such an intention.   2 Am. & Eng. Ency. L. 2 ed. 308, note.   Moreover, the three persons named all stand on the same footing in the will, and therefore the presumption is that they are to share the bounty of the testatrix equally.

(2)    The direction for sale of the homestead estate operated as an equitable conversion of it into personalty, which is deemed to have been made from the time of the testatrix's decease. *King* v. *King*, 13 R. I. 501 (506); *Haszard* v. *Haszard*, 19 R. I. 374 (378).   It follows that, as George Stone has died since the testatrix, his share is to be treated as personalty and paid to his administrator.